14 F.3d 605
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
David GOUDY, Defendant-Appellant.
 No. 93-1856.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 30, 1993.
Decided Dec. 27, 1993.
Rehearing Denied Feb. 7, 1994.
 
 Before LAY*, COFFEY, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 David Goudy was charged with four counts of bank fraud in violation of 18 U.S.C. Secs. 2 and 1344 (1988), arising out of transactions at three Wisconsin banks. The jury found the defendant guilty on all four counts. On a post-trial motion the district court[1] determined that the testimony of one of the prosecution witnesses, Reginald Goodman, was so "riddled with inconsistencies and obvious falsehoods" that it could not reasonably be believed. On that basis, the district court entered a judgment of dismissal as to counts two and three. The court upheld Goudy's conviction on counts one and four. This appeal by Goudy followed. We affirm.
 
 
 2
 On appeal, Goudy asserts that inconsistencies and falsehoods pervaded the entire record. He argues that Goodman's testimony tainted all of the jury's determinations and that the other prosecution witnesses were as unreliable as Goodman. In particular, Goudy points to inconsistencies in the testimony of the prosecution witnesses who testified regarding counts one and four, and he urges that his conviction on these counts should be reversed.
 
 
 3
 The district court found the evidence as to counts one and four to be "solid." The court apparently did not think that Goodman's testimony, which related to counts two and three, pervaded the trial or prejudiced the jury's determinations on the other counts. We have reviewed the evidence and find that there exists substantial evidence for the jury reasonably to find the defendant guilty on counts one and four. As to count one, which concerned a scheme to defraud the First Financial Bank in January, 1991, the prosecution elicited testimony from Cynthia Ross. Ross had opened the account at First Financial Bank into which stolen checks were deposited and then from which the funds were withdrawn before the bank received notice that the checks were invalid. Ross testified that Goudy supplied the stolen checks, that Goudy received a share of the profits, and that Goudy had participated in conversations with her about obtaining false identification before she opened the account. On count four, which pertained to a scheme to defraud the First Wisconsin National Bank in late 1990, Sandra Jones testified that Goudy supplied her with a $150,000 check to deposit into her account at the bank and that she then withdrew large sums from the check proceeds and delivered $25,000 to Goudy. In addition, Linda Stewart, who controlled the business account on which the insufficiently funded $150,000 check was written, testified that she had supplied the check to Mr. Frank Clay, who in turn gave it to Goudy.
 
 
 4
 Inconsistencies exist in some of the testimony of these prosecution witnesses. But "[m]ere inconsistencies in the witness' testimony do not render it legally incredible." United States v. Dunigan, 884 F.2d 1010, 1013 (7th Cir.1989). The testimony of Reginald Goodman appears to have been singularly unbelievable. Goodman was so self-contradictory and uncooperative that on redirect examination, the prosecution stated that it was "utterly confused" by its own witness' testimony. After repeated difficulties in eliciting straight answers from Goodman on redirect, the court allowed the prosecution to treat him essentially as a hostile witness. No such obvious faults appear in the testimony of Ross, Jones, or Stewart.
 
 
 5
 We find that the jury was not prejudiced by Goodman's testimony and that the other testimony was not so lacking in credibility as to fail to support the conviction on counts one and four. The trial court observed the witnesses and exercised its discretion in finding that Goodman's testimony did not pervade the trial or prejudice the jury's other determinations. On the basis of the above, the judgment of conviction on counts one and four is affirmed.
 
 
 
 *
 The Honorable Donald P. Lay, Circuit Judge for the United States Court of Appeals for the Eighth Circuit, sitting by designation
 
 
 [1]
 The Honorable Terence T. Evans, Chief United States District Judge for the Eastern District of Wisconsin